No. 32,808

J. A. DeBauge, *Appellee*, v. Paul DeBauge and Laurent DeBauge, Partners, doing business as DeBauge Brothers, *Appellants.*

(57 P. 2d 31)

Opinion filed May 9, 1936.

*Roscoe W. Graves,* of Emporia, for the appellants.
*Owen S. Samuel,* of Emporia, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This was an action for damages for injuries received in getting off a fruit and produce truck where plaintiff had been invited by one of the defendant partners so as to confer about a business transaction between plaintiff and defendants. The little finger of the plaintiff's left hand caught on a protruding nail, screw or bolt and was so injured that it had to be amputated. Negligence was alleged in allowing such nail, screw or bolt to so protrude and injure one invited on the truck by one of the defendants for business conference. The defendants filed a general demurrer to the petition, which was overruled, and defendants appeal.

The main questions involved are whether the nail, screw or bolt so protruding from the truck bed was the proximate cause of the injury, whether its protrusion was actionable negligence and, if so, whether the injury could have been reasonably anticipated as resulting therefrom. Appellee insists that these questions are readily resolved in favor of the plaintiff by the allegations in paragraphs 3

and 4 of the petition. Appellants cite pertinent allegations in paragraph 5 as strongly bearing on the question of negligence. The following is a quotation of these parts of plaintiff's petition:

"3. That on or about August 5, 1934, the plaintiff was engaged as an independent operator of a truck engaged in buying, selling and hauling fruit and produce from the states of Missouri, Arkansas and Colorado into the state of Kansas, and selling the same for profit. That on August 5, 1934, said plaintiff entered into an oral agreement with the defendants relative to the purchase of certain peaches, and was requested by said defendants, through the defendant Laurent DeBauge, who was acting for himself and for and on behalf of said partnership, to endeavor to buy a certain lot of peaches then offered to said plaintiff for sale. That in pursuance of said contract to purchase said peaches, said plaintiff procured a price therefor and being orally requested to report the same to the said defendants through the said Laurent DeBauge, did on August 5, 1934, report the results of said purchase to said defendants through the said Laurent DeBauge at Joplin, Mo.

"4. That said plaintiff engaged said defendant, Laurent DeBauge, in conversation at the truck of said defendants while said defendant, Laurent De-Bauge, was engaged in loading said truck at Joplin, Mo., having been called to said truck by said defendant Laurent DeBauge; that it became necessary for said plaintiff in carrying out said conversation to get upon said truck which said plaintiff did and as he was leaving said truck, without any fault or negligence on his part, the small finger of his left hand became engaged in some projection of some kind or character on said truck which plaintiff believes was a screw, nail or bolt, but the exact character of said projection being to said plaintiff unknown, with the result that said finger was torn, lacerated and bruised to such an extent that it became necessary to remove the same. That the weight of plaintiff's body pulling against said projection caused plaintiff to become partly suspended in the air thereby pulling said finger against said projection, the exact manner of which plaintiff does not know and cannot state; that as a result of such injury, it became necessary for said small finger of his left hand to be amputated. That plaintiff sustained and suffered excruciating pain and suffering, his hand became deformed and permanently injured to his damage in the sum of fifteen hundred dollars ($1,500). In that the bed of said truck had a nail, screw or bolt or other metal projection extending out of the body of said truck and over the top of said bed, that said injury was the direct result of the negligence of said defendants in asking said plaintiff to get upon said truck so that defendant could talk over with said plaintiff some business matters in which plaintiff and defendants were about to engage, said truck of said defendants at the time being in a dangerous condition and dangerous to life and limb because of the presence of said projection on the top of the bed of said truck and more particularly on the right side thereof, which same was well known to said defendants, or should have been known to said defendants; and that but for said unsafe condition of said truck and the presence of said projection on said bed, said injury would not have been sustained by said plaintiff.

"5. That said unsafe condition of said truck contributed to plaintiff's injury in that it became necessary for plaintiff to take hold of the side or bed of said

truck to get down from said truck to the ground, and as said plaintiff was taking his hand from said bed and body of said truck and just before loosening his hold, plaintiff stepped away from said truck by taking his feet off of the side of said truck preparing to alight and while in the air and at a time when there was no footing, said hand became engaged in said projection, as aforesaid, with the resulting damages to said plaintiff."

Our attention is called in a preliminary way by the appellee in support of the ruling on the demurrer to the allegation of the petition, in paragraph 4 thereof, that plaintiff was an invitee of the defendants "to get upon said truck so that defendant could talk over with said plaintiff some business matters," and, also, to the text of 45 C. J. 826, where it is said:

"While the rule requiring reasonable care for the safety of invitees is usually announced with respect to land and buildings thereon or appurtenances thereto, it is not confined to property of this character, but applies to any property into or on which a person may be invited, as, for instance, an automobile or other vehicle, a boat, a locomotive, or circus seats." (§ 236.)

We may very properly, under the allegations of the petition, regard plaintiff as an invitee upon the truck for the purpose of conversing with one of the defendants being thereon. We must further regard the plaintiff as one familiar with fruit and produce trucks and not a stranger to their usual parts and make up, for paragraph three of the petition states that he was an operator of a truck in buying, selling and hauling fruit and produce.

The section immediately following that above quoted from 45 C. J. 826 concerns the extent of the obligation of the invitor to the invitee as follows:

"The owner, occupant, or person in charge of premises owes the invitees thereon the duty of keeping the premises in a reasonably safe and suitable condition, so that those whom he has invited to enter upon or use his property shall not be unnecessarily or unreasonably exposed to danger, and is therefore liable for injuries received by invitees as a result of a dangerous condition of the premises. As, however, the owner or occupant is not an insurer of the safety of invitees he is not required, at his peril, to keep the premises absolutely safe, but the measure of his duty in this respect is reasonable or ordinary care, and in determining whether such care has been exercised it is proper to consider the uses and purposes for which the property in question is primarily intended." (§ 237.)

See, also. *Zeigler v. Manufacturing Co.*, 108 Kan. 589, 196 Pac. 603.

The negligence of the defendants in this case is alleged to have been in the existence or presence of some projection on the truck

which plaintiff believed was a screw, nail or bolt on the top of the bed of said truck, and more particularly on the right side thereof, such metal projection extending out of the body of the truck and over the top of the bed, on which the plaintiff's small finger of the left hand caught or became engaged when he was leaving the truck, and that the existence of such projection was well known to the defendants or should have been known to them, and that it rendered the condition of the truck unsafe and without which the injury would not have been sustained.

On the theory of the leaving of this metal projection being negligence, as alleged, and its existing there with the knowledge of the defendants, or could have been known by them, which is the proper situation in the consideration of a demurrer to the petition, not every negligence or even known negligence will make the negligent party liable in damages.

In the case of *Whitcomb v. Atchison, T. & S. F. Rly. Co.*, 128 Kan. 749, 280 Pac. 900, the defendant railway company disregarded in many ways the proper and required construction of a crossing, which could not help but be known to it, and was regularly and constantly being used in such condition, and it was held on review of a ruling on a demurrer to the petition that—

"Negligence of a party which does not cause injury to another forms no basis for an action for damages. Neither will it form the basis of an action unless it was a proximate cause of the injury." (Syl. ¶ 2.)

In that case negligence of a third party was also alleged, but the situation would or could be the same if there had been other matters alleged which would have made the negligence of the defendant not the proximate cause of the injury.

The exhaustive discussion on this proposition in the opinion in *Rodgers v. Railway Co.*, 75 Kan. 222, 88 Pac. 885, is cited, where the railway company negligently failed to move a car loaded with corn for the market at Kansas City, Mo., for six days after it was consigned, and when it reached Kansas City two days later it was entirely destroyed in an unprecedented flood, and it was held:

"The negligent delay of a carrier in moving goods entrusted to it for transportation, not so unreasonable as to amount to a conversion, will not render it liable for the loss of such goods after they have been carried to their destination if they are there destroyed by an act of God before delivery." (Syl.)

Of course neither the shipper nor the railway company could have foreseen or anticipated such a flood.

In the case at bar the leaving of a metal projection on the bed of the truck must have been known to the defendants or by the exercise of ordinary diligence could have been known, as is alleged in the petition, and at the same time it may not have been the proximate cause of the injury. That is, such injury might not have been reasonably foreseen or anticipated.

In *Light Co. v. Koepp*, 64 Kan. 735, 68 Pac. 608, it was said:

"The general test as to whether negligence is the proximate cause of an accident is said to be such that a person of ordinary intelligence should have foreseen that an accident was liable to be produced." (p. 737.)

In *Railroad Co. v. Justice*, 80 Kan. 10, 101 Pac. 469, it was held:

" 'If two distinct causes are successive and unrelated in their operation, one of them must be the proximate and the other the remote cause. In such case, the law regards the proximate as the efficient and responsible cause, and disregards the remote.' " (Syl. ¶ 3.)

See, also, *Eberhardt v. Telephone Co.*, 91 Kan. 763, 139 Pac. 416; and *Hartman v. Railway Co.*, 94 Kan. 184, 146 Pac. 335.

Some other allegations of the petition may help to determine whether this injury was the direct result of the protruding metal. The part of paragraph 5 copied above from the petition shows the action and movement of the plaintiff in getting down from the truck to the ground. In this connection it says: "as said plaintiff was taking his hand from said bed and body of said truck and just before loosening his hold, plaintiff stepped away from said truck by taking his feet off of the side of said truck preparing to alight, and while in the air and at a time when there was no footing, said hand became engaged in said projection, as aforesaid." Could the injury have been caused by the suspended position of the body in the air and without a footing? Was that method of removing one's self from the body of a truck the kind of action that the defendants should have foreseen, or did it constitute a cause of injury in itself? It may not have been a jumping off the truck, but it is certainly a peculiar and unusual method of climbing off a truck to be in the air and to have no footing. Could the defendants, even knowing of the metal projection, have reasonably anticipated such a result chargeable to the projecting metal.

Proximate and remote causes are carefully defined and distinguished in *Railway Co. v. Columbia*, 65 Kan. 390, 69 Pac. 338, and successive, related and unrelated causes are defined in *Smith v. Mead Construction Co.*, 129 Kan. 229, 282 Pac. 708, from which

distinctions and others herein cited it would seem that the method of getting down from the truck, which put the plaintiff in the air without footing, was a separate and unrelated successive cause of the injury to the plaintiff and was not such a cause as the defendants with ordinary intelligence would have anticipated, foreseen and connected up with the projected metal in the body of the truck, so that the latter would become the remote instead of the proximate cause of the injury. Under circumstances somewhat similar as to successive events, it was held in *Beldon v. Hooper,* 115 Kan. 678, 224 Pac. 34, that—

"In an action for damages for negligence, the rule applied that a defendant's liability therefor only extends to damages which are the natural and probable consequence of his negligence and which could reasonably have been anticipated to flow therefrom, and that his liability does not extend to extraordinary consequences which could not reasonably have been foreseen." (Syl. ¶ 1.)

Under the distinctions made in the foregoing opinions applied to the allegations of the petition in the case at bar we are constrained to believe that the projecting metal on the bed of the truck was not the proximate cause of the injury suffered by the plaintiff, and therefore the demurrer to the petition should have been sustained.

The ruling is reversed, and the cause is remanded with directions to sustain the demurrer to the petition.