BLAINE CROWELL, Appellee, v. EARL DEMO, Appellant.

No. 45691.

December 9, 1941.

R. W. Zastrow and W. G. Henke, for appellee.

Hallagan, Fountain, Steward & Cless and Larson & Carr, for appellant.

Oliver, J.— On the night of September 19, 1935, a Ford roadster, owned and operated by defendant and in which plaintiff was riding as a guest, struck a large tree, which apparently had fallen in a windstorm of the previous night and lay across the highway. The trunk of the tree was 6 feet in circumference and was held up by broken limbs in a horizontal position about 2 feet above the highway. Alleging the collision and his resulting injuries were caused by defendant's reckless operation of the car, plaintiff brought this action at law for damages. Upon trial defendant's motion for a directed verdict was over-ruled. The jury returned a verdict in favor of plaintiff, and judgment was entered thereon. Defendant's appeal is directed solely to the sufficiency of the evidence of his reckless operation of the car, as defined in the guest statute (now section 5037.10, Code of 1939), to justify the submission of the case to the jury. In considering this contention the record should be viewed in the light most favorable to appellee. However, it is without material conflict.

The night was cloudy. The headlights of the car were good. The highway was straight and comparatively level. It was surfaced with gravel, with a beaten track in which the car was traveling. At the sides of this the gravel was loose. Defendant referred to the width of the road as "room enough for two cars, it isn't any too wide." "I knew it was a narrow road."

About ¼ mile from the scene of the accident the car passed over a railroad crossing. It was then traveling at about 75 miles per hour. It swerved sideways for a second or two. Appellee told appellant to be careful. Appellant made no reply but seemed to increase the speed to between 75 and 80 miles per hour. Shortly thereafter appellee saw the obstruction and when it was about 300 feet distant told appellant there was something in the road ahead. Appellant paid no attention to the warning and did not immediately remove his foot from the accelerator pedal. The brakes were first applied when the tree was about 70 feet ahead. From that point the wheels were sliding but the momentum of the car was so great that it crashed into and partly under the trunk of the tree.

Appellee, who was dazed by the collision, testified the car was traveling "close to sixty-five miles an hour" when it struck the tree. Appellant, who was also injured in the crash, was unable to estimate the speed at the time of the collision, but testified the car had slowed down considerably. His excuse for not heeding appellee's warning was, in part, "I probably did not take his word for it, I could see." "I thought it was a wagon or something." "I thought I could go by it." "I thought I could stop." He knew the storm of the night before had blown down some trees and branches but testified he didn't anticipate any obstruction in the road.

The briefs cite and quote from a number of cases decided under the guest statute, dealing with varying factual situations but enunciating certain general rules. To constitute recklessness under the guest statute, conduct must be more than negligent and must be such as to manifest a heedless disregard for, or indifference to, the rights of others or an indifference to or heedless disregard for consequences. It need not involve moral turpitude nor wanton and wilful conduct. The test is the acts and omissions of the driver. Roberts v. Koons, 230 Iowa 92, 296 N. W. 811; Fraser v. Brannigan, 228 Iowa 572, 293 N. W. 50, and authorities therein cited.

In this case appellant was driving upon a rather narrow highway at a high rate of speed. When the car, after passing over a railroad crossing, swerved for a second or two, appellee told appellant to be careful. Appellant answered by accel-

erating the speed of the car. Then the fallen tree came into view. Appellee saw it and warned appellant. The top of the trunk was approximately four feet above the roadway. Below the trunk were broken branches. The record does not show whether there were branches extending above or at the sides of the trunk. In any event it formed a large visible barrier which completely blocked the highway. Appellant saw the object on the highway ahead but made no effort to reduce speed until the car was almost upon it.

It was not a case of driving into a possible danger as in Roberts v. Koons, supra, or Wion v. Hayes, 220 Iowa 156, 261 N. W. 531. We said in Mescher v. Brogan, 223 Iowa 573, 272 N. W. 645, that one driving into a danger reasonably to be anticipated might be guilty of recklessness. In the case at bar the danger was not only probable. It was visible and apparent. White v. Center, 218 Iowa 1027, 254 N. W. 90; Claussen v. Estate of Johnson, 224 Iowa 990, 278 N. W. 297. And the jury was not required to accept appellant's excuse that he thought he could pass the object or could stop. It was for the jury to say, whether or not, under all the circumstances shown in evidence, appellant was guilty of recklessness which was the proximate cause of the collision.—Affirmed.

GARFIELD, MITCHELL, BLISS, and HALE, JJ., concur.