(57 P.3d 30)

No. 88,409

GARRY and SUSAN RASKIN, individually and as Next Friends of KALEY RASKIN, a minor, and VICTOR and JANET TURNBAUGH, individually, and as Next Friends of JENNA TURNBAUGH, a minor, *Appellants*, v. KEN ALLISON and KAREN ALLISON, personally and as Guardians Ad Litem of CHAD LEATHERS, a minor, *Appellees*.

Opinion filed November 8, 2002.

*Scott C. Long* and *Timothy S. Davidson*, of McCormick, Adam & Long, P.A., of Overland Park, for appellants.

*Casey O. Housley* and *Adam J. Prochaska*, of Armstrong Teasdale, L.L.P., of Kansas City, Missouri, for appellees.

Before ELLIOTT, P.J., GREEN, J., and PADDOCK, S.J.

PADDOCK, J.: This is an interlocutory appeal by the plaintiffs from the partial summary judgment granted to defendants on a choice-of-law question. The trial court found the substantive law

of Mexico would govern the claims in this personal injury action where the injuries occurred in Mexico although all parties were Kansas residents. We affirm.

The facts are brief and uncontroverted. Kaley Raskin and Jenna Turnbaugh, both minors, received personal injuries resulting from a collision of the water craft they occupied and a water craft operated by Chad Leathers in the ocean waters off Cabo San Lucas, Mexico.

Kaley's and Jenna's parents filed this action individually and as next friends to their minor daughters against Ken and Karen Allison individually and as guardians ad litem for their minor son and stepson, Chad Leathers. Plaintiffs' claims were framed on the theories of negligence and negligent entrustment.

Following its choice-of-law finding, the trial court granted plaintiffs' application for an interlocutory appeal under K.S.A. 60-2102(b).

The question of which jurisdiction's laws apply in a given case is a legal question over which an appellate court has unlimited review. *Resolution Trust Corp. v. Atchity*, 259 Kan. 584, 590, 913 P.2d 162 (1996). Likewise, when the facts before the trial court are undisputed, as in this case, the ruling on the summary judgment motion may be reviewed de novo on appeal. *Limestone Farms, Inc. v. Deere & Company*, 29 Kan. App. 2d 609, 610, 29 P.3d 457 (2001).

Kansas follows the rule that the law of the state where the tort occurred, *lex loci delicti*, should apply. *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731 (1985).

Here, plaintiffs do not dispute the injuries were sustained in Mexican waters and that under the rule of *lex loci delicti*, Mexican law would normally control. However, plaintiffs argue the rule should not apply in this case because (1) all the parties are residents of Kansas, (2) Kansas has never invoked the rule in a case where a foreign country's law would apply, and (3) the rule of comity requires that Kansas protect its own residents and apply Kansas law.

### Kansas residents

Plaintiffs argue that because all the parties are Kansas residents, Kansas has the greater interest in applying its substantive law; therefore, the case should be governed by Kansas law.

However, the Kansas Supreme Court has repeatedly applied the law of the place of the injury, even when all the parties were residents of Kansas. In each of those cases, the law of the place of injury was less favorable to the plaintiffs than Kansas law.

For example, in *Kokenge v. Holthaus*, 165 Kan. 300, 194 P.2d 482 (1948), Kansas residents were traveling together in Iowa when an automobile accident occurred. The Kansas passenger sued the Kansas driver in a Kansas court. The Supreme Court held that because the accident happened in Iowa and the injuries were sustained there, the Iowa guest statute applied. 165 Kan. at 307. Under that Iowa statute, the passenger was required to show reckless operation of the vehicle by the driver in order to recover. 165 Kan. at 307.

In *McDaniel v. Sinn*, 194 Kan. 625, 400 P.2d 1018 (1965), all the parties were Kansas residents. The plaintiffs' decedent was killed in an accident in Missouri while traveling with the defendant. The Supreme Court rejected the plaintiffs' arguments that when all the parties are from Kansas, *lex loci delicti* should be rejected and Kansas law should control. 194 Kan. at 626.

Because the Kansas Supreme Court has consistently applied the rule of *lex loci delicti* in tort cases, even when all parties are Kansas residents, plaintiffs' first argument fails.

### *Application to foreign countries*

Plaintiffs also contend that because Kansas courts have never applied the *lex loci delicti* rule to apply the law of a foreign country, the rule should be rejected in this case. Plaintiffs are correct in asserting that neither of the Kansas appellate courts have applied the law of a foreign country in a tort case. This court, however, recently applied Canadian law in a contract case where the contract was made in Canada by applying the rule of *lex loci contractus*. See *Layne Christiansen Co. v. Zurich Canada*, 30 Kan. App. 2d 128, 38 P.3d 757 (2002).

Plaintiffs have not cited compelling authority that the rule of *lex loci delicti* does not apply in cases involving foreign countries. Kansas follows traditional choice of law principles largely reflected in the original Restatement of Conflict of Laws (1934). See *Aselco,*

*Inc. v. Hartford Ins. Group*, 28 Kan. App. 2d 839, 852, 21 P.3d 1011, *rev. denied* 272 Kan. 1417 (2001). We have no hesitation in finding that the *lex loci delicti* rule would apply in tort cases notwithstanding the injuries were incurred in a foreign country.

### Comity v. Lex Loci Delicti

Finally, plaintiffs challenge the *lex loci delicti* rule by arguing principles of comity mitigate against applying Mexican law. Plaintiffs are wide of the mark by trying to distinguish comity principles from choice-of-law principles. Choice-of-law principles, essentially, are rules defining when a court will extend comity to the laws of another state. Both principles are inextricably joined.

Plaintiffs rely on *Head v. Platte County, Mo.*, 242 Kan. 442, 749 P.2d 6 (1988), to support their comity argument. In *Head*, the plaintiff had been arrested by Kansas authorities on a Missouri warrant and confined in jail. After it was determined that Head was not the actual person wanted, Head sued Platte County for false arrest and negligence. Platte County claimed Missouri's sovereign imminent law applied to shield it from liability. In refusing to apply Missouri law, our Supreme Court noted: "[I]t has long been the public policy of Kansas to compensate its citizens and those within its borders for *injuries occurring in Kansas* which result from negligent acts outside of this state." (Emphasis added.) 242 Kan. at 447. The *Head* case provides no support for the plaintiffs' arguments in this case. Clearly, under the *lex loci delicti* rule, Kansas law would apply since Head was arrested in Kansas.

Other cases cited in plaintiffs' brief are less than compelling and are not relevant to the issue before the court.

While the court is not required to apply Mexico's law under principles of comity, the *lex loci delicti* rule is well established under Kansas law and there is no indication that Kansas intends to abandon the rule. For example, the Supreme Court rejected the analytical approach which allows the forum court to apply the law of the jurisdiction most intimately concerned with the outcome of the particular litigation. *Ling v. Jan's Liquors*, 237 Kan. at 634.

### Public policy exception

Actually, the thread that weaves through all of the plaintiffs' arguments is that damage limitations purportedly contained in

Mexico's law are contrary to Kansas public policy and should not be enforced by Kansas courts. Plaintiffs seem to argue that public policy is defined by Kansas legislative enactments and since the Kansas Legislature had not enacted statutes with damage limitations similar to those in Mexico, Mexican laws are therefore contrary to Kansas public policy. Plaintiffs cite no authority establishing what damage limitations exist in Mexico. However, a recent case cited by defendants appeared to support the conclusion that Mexico recognizes that contributory negligence is a complete defense in a tort claim. *Spinozzi v. ITT Sheraton Corp.* 174 F.3d 842, 844 (7th Cir. 1999). Also, Mexican law apparently limits recovery of damages in tort cases to the amount of the injured party's medical and rehabilitative expense and lost wages at the minimum wage rate. See *Hernandez v. Burger*, 102 Cal. App. 3d 795, 799, 162 Cal. Rptr. 564 (1980) (citing Civ. Code of the State of Baja California [Norte], art. 1793; Ley Federal del Trabajo, arts. 487, 491, and 495). Plaintiffs assert these damage limitations in their brief.

Kansas cases consistently hold that a Kansas court will not apply the law of another state to a claim if that other state's law is contrary to Kansas public policy. See *Safeco Ins. Co. of America v. Allen*, 262 Kan. 811, 822, 941 P.2d 1365 (1997) (using *lex loci contractus* rule); *In re Estate of Troemper*, 160 Kan. 464, 469, 163 P.2d 379 (1945) (choice of law issue in probate case involving effect of divorce in Nebraska).

In *Brenner v. Oppenheimer & Co., Inc.*, 273 Kan. 525, 44 P.3d 364 (2002), the Supreme Court invalidated a contractual choice-of law provision finding that its reference to New York law was contrary to "strong public policy" in Kansas and would not be enforced. In its discussion, the Supreme Court held that a "strong public policy" is one " ' " 'so thoroughly established as a state of public mind so united and so definite and fixed that its existence is not subject to any substantial doubt.' " ' [Citation omitted.]" 273 Kan. at 543. The *Brenner* court found a strong public policy in the fact that the incorporation of New York law into the contract between a Kansas resident and a securities broker evaded Kansas' securities law prohibiting the sale of unregistered securities. 273 Kan. at 540-49.

The only other Kansas cases refusing to apply the law of other states as required by traditional choice-of-law rules are *Dale v. Railroad Co.*, 57 Kan. 601, 47 Pac. 521 (1897) (refusing to apply New Mexico's penal statute); *Barbour v. Campbell*, 101 Kan. 616, 168 Pac. 879 (1917) (dismissing case seeking to enforce Idaho contract which violated Kansas' statute of frauds); *Peters v. Peters*, 177 Kan. 100, 106-07, 276 P.2d 302 (1954) (finding second wife was not a "legal widow" of decedent under Kansas law because remarriage occurred less than 6 months after Kansas divorce); and *Westerman v. Westerman*, 121 Kan. 501, 247 Pac. 863 (1926) (finding Missouri marriage contrary to Kansas public policy because marriage occurred less than 6 months after Kansas divorce).

None of these cases appear to set forth a public policy exception as broad as plaintiffs are arguing here. Kansas appears to be following the prevailing view that the public policy exception in conflict of law theory should be narrowly limited. See 16 Am. Jur. 2d, Conflict of Laws § 25; see also *Pool v. Day*, 141 Kan. 195, 200, 40 P.2d 396 (1935) (Oklahoma common-law liability rules not a violation of Kansas public policy despite Kansas' guest statute requiring proof of gross and wanton conduct by the driver). As previously noted, the plaintiffs here appear to contend that if the law of another jurisdiction is different than Kansas law, it is contrary to Kansas public policy.

The Kansas Supreme Court has repeatedly upheld the application of the law of other states in tort cases even when those laws impose a higher burden of proof on plaintiffs *before* they can recover damages. See, *e.g., Kokenge v. Holthaus*, 165 Kan. at 307 (applying Iowa guest statute which required a showing of reckless operation of the vehicle by the driver in order to recover); *Koster v. Matson*, 139 Kan. 124, 126-27, 30 P.2d 107 (1934) (Nebraska guest statute requiring gross negligence or intoxication applied in case between Kansas residents). The Supreme Court has even upheld the application of another state's wrongful death statute even though that statute excluded some types of damages allowed under Kansas law. See *McDaniel v. Sinn*, 194 Kan. at 625-26.

Thus, Kansas cases indicate the "public policy" exception in the choice-of-law context is limited and generally not triggered because of limitations on damages or higher burdens of proof.

Finally, plaintiffs cannot seriously contend that the application of Mexican law is unfair when they voluntarily vacationed there. As the Tenth Circuit once stated:

"It is a firmly established principle of American jurisprudence that the laws of one state have no extra-territorial effect in another state. The forum state will give effect to foreign law as long as the foreign law is not repugnant to the moral sense of the community. The mere fact that the law of the foreign state differs from the law of the state in which recognition is sought is not enough to make the foreign law inapplicable. . . . Indeed, this Court is reminded of the oft-paraphrased advice of St. Ambrose, Catholic bishop of Milan in the fourth century, to St. Augustine. 'When you are at Rome, live in the Roman style; when you are elsewhere, live as they do elsewhere.'" *Brennan v. University of Kansas*, 451 F.2d 1287, 1289-90 (10th Cir. 1971).

The record before the court fails to establish a sound basis to refuse to apply Mexican law in this case based on the public policy exception. The limitations on damages allegedly contained in Mexican law do not appear to violate a "strong public policy" as defined by prior Kansas Supreme Court decisions.

The trial court correctly determined that the substantive law of Mexico would govern the claims in this personal injury action.

Affirmed.