MARTIN STEWART *et al.* v. FIDELIA B. THOMAS *et al.*

No. 12,015.*   ( 68 Pac. 70.)

SYLLABUS BY THE COURT.

ESTATES IN ENTIRETY — *Act of 1891.*   By chapter 203, Laws of 1891 (Gen. Stat. 1901, § 2534), estates in entirety, as recognized in *Baker v. Stewart*, 40 Kan. 442, 19 Pac. 904, 2 L. R. A. 434, 10 Am. St. Rep. 213, were abolished.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. MCELROY, judges. Opinion filed March 8, 1902. Reversed.

*Thos. J. White*, for plaintiffs in error.

*F. D. Mills*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J. : A conveyance of certain lots situate in Kansas City, Kan., was made December 1, 1880, jointly to Martin Stewart and Catherine Stewart, who were husband and wife. On September 19, 1890,

*For opinion by court of appeals, see 62 Pac. 419; mem. dec. 10 Kan. App. 576.—REP.

Catherine Stewart, together with her husband, Martin Stewart, borrowed from the defendant Fidelia B. Thomas the sum of $1500, on a note payable one year after date, and to secure the payment thereof gave a mortgage on said lots. While the mortgage remained unpaid, and on April 8, 1894, Catherine Stewart died intestate, leaving her husband and the children, who with him are plaintiffs in error, surviving her. On July 24, 1896, Fidelia B. Thomas commenced foreclosure proceedings on her mortgage, making Martin Stewart, the surviving husband, sole party defendant. She obtained judgment against him, had the property sold, purchased it herself, and received a sheriff's deed therefor, and still claims title thereto by virtue of such foreclosure proceedings. Those of the plaintiffs in error who are the children of said Catherine Stewart, deceased, not having been made parties to said foreclosure proceeding, claimed the right of redemption of such property, tendered to said defendant in error Fidelia B. Thomas, and her husband, John Thomas, the full amount due on the judgment and obligation, together with interest and costs of the proceeding to date of tender, and demanded a quitclaim deed to the premises; the tender being refused, this action was brought to redeem the lots from the foreclosure sale, and the moneys so tendered were brought into court to abide the result.

The only important question in this case is whether the children of the deceased Catherine Stewart were necessary parties to the foreclosure proceeding. If the estate of Martin and Catherine Stewart in the lots was one which is defined to be one in entirety, and if such estates were not abolished in Kansas by section 1 of chapter 203, Laws of 1901 (Gen. Stat. 1901, § 2534), then the foreclosure proceedings were regular,

and cut off any right of redemption in such children. The district court held that the estate was one of entirety ; that such estates had not been abrogated by the statute referred to, and that such right of redemption was barred.   In the court of appeals, the decision of the district court was sustained.   (*Stewart v. Thomas*, 10 Kan. App. 576, 62 Pac. 1119.)   To reverse these decisions the case is here.

Under the common law, it was held that "tenancy by entireties arises whenever an estate vests in two persons, they being, when it so vests, husband and wife." (Freem. Coten. & Part. [2d ed.] §63.)   The same author, continuing, says :

"A conveyance to husband and wife creates neither a tenancy in common nor a joint tenancy.   The estate of joint tenants is a unit made up of *divisible parts ;* that of husband and wife is also a unit, but it is made up of *indivisible parts.*   In the first case, there are several holders of different moieties or portions, and upon the death of either the survivor takes a new estate. He acquires by survivorship the moiety of his deceased cotenant.   In the last case, though there are two natural persons, they are but one person in law, and upon the death of either the survivor takes no new estate." (§64.)

It is unnecessary to consider how much now remains of the fiction that husband and wife constitute but one person in the law.   It is sufficient to the present purpose to advert to the fact that under our statutes they may, and do, hold estates separately, and their rights with reference thereto are substantially equal.   The reason for the rule of the common law no longer exists, and the rule itself, having no substantial basis to rest upon under modern conditions, is no longer entitled to respect.   Indeed, there are authorities holding that even under the common

33—64 KAN.

law husband and wife are not tenants by entireties, but are joint tenants. This position seems to be well sustained in reason, though against the weight of authority. (Ram, Ten. & Ten. 170–174.)

In the case of *Baker v. Stewart,* 40 Kan. 442, 452, 19 Pac. 904, 2 L. R. A. 434, 10 Am. St. Rep. 213, it was said :

"The common law in this state has probably been so amended that the husband and wife have an equal right to control all the land which they own in entirety, but in other respects the estate of entirety is probably precisely the same as it was before the statutes relating to married women took effect. With this change in the right of the husband to control the real estate owned by his wife or by him and her in entirety, the estate of entirety has become more like the ordinary estate of joint tenancy, though it is not yet strictly like such an estate."

Immediately after the rendition of the decision just quoted from, the legislature of Kansas passed the act above referred to, which is as follows :

"An act to abolish survivorship in joint tenancy.

*"Be it enacted by the Legislature of the State of Kansas:*

"Section 1. If partition be not made between joint tenants or joint owners of estates in entirety, whether they be such as might have been compelled to make partition or not, or whatever kind the estate or thing holden or possessed be, the parts of those who die first shall not accrue to the survivors, but shall descend or pass by devise, and shall be subject to debts or charges and be considered to every other intent and purpose as if such joint tenants or tenants of estate in entirety had been or were tenants in common ; but nothing in this act shall be taken to affect any trust estate.

"Sec. 2. This act shall take effect and be in force from and after its publication in the statute-book." (Laws 1891, ch. 203 ; Gen. Stat. 1901, § 2534.)

The objection urged to this act is that its title is not

sufficiently comprehensive to include estates in entirety. That the purpose of the legislature in adopting the act in question was to do away with the rule recognized in the case of *Baker v. Stewart,* supra, is fairly inferable from the time and circumstances of its passage, as well as from the language of section 1. Presumably the legislature took cognizance of existing conditions, and acted with reference to the relations which now obtain, and have been established by statute, between husband and wife, rather than those which prevailed under the common law. It is to be assumed that the legislators knew that "the estate of entirety has become more like the ordinary estate of joint tenancy" under the laws of Kansas, and that their selection of a title to the act was prompted by such knowledge. It is probable that if we were to apply the most restricted, antique and technical definition of the words "joint tenancy" to the act in question, if we were to ignore existing conditions and the object and purpose sought to be attained, we would be compelled to say with the courts below that, so far as it relates to estates in entirety, this act cannot be sustained because of a defective title. But we are not bound nor inclined to adopt such an illiberal definition of the words used, and ought not to do so in any case and thereby render the legislative intent ineffective, where to adopt the broader signification of words as given by the lexicographers will result in upholding a law. As said in *City of Wichita v. Burleigh,* 36 Kan. 42, 12 Pac. 336 :

"A slight inaccuracy in the description of a thing in an act of the legislature, or in the title to the act, will not render the act void where it may be known, both from the act and the title thereto, and the circumstances then existing, what was meant and intended by the legislature."

While in this case, as in all others, the title must be an index to the subject-matter of the act, still we may look into the body of the act for information as to the sense in which words in the title are used in all cases where such words are susceptible of more than one meaning. (*In re Pinkney, Petitioner*, 47 Kan. 89, 27 Pac. 179.) In their broad and liberal meaning, the words "joint tenancy" do include the so-called estates in entirety as they existed in Kansas prior to 1891, and for the reasons above given we are bound to conclude that the legislature intended so to use them in the title to this act. It follows that the children of Catherine Stewart, deceased, were not barred from the right of redemption by the proceedings in foreclosure, and that such privilege should be accorded to them in a court of equity.

The judgments of the court of appeals and district court are reversed, and the case remanded for further proceedings in accordance with this opinion.

DOSTER, C. J., JOHNSTON, POLLOCK, JJ., concurring.