NOT DESIGNATED FOR PUBLICATION

No. 119,876

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KDL, INC.,
*Appellee*,

v.

SINGH, LLC, SWARNJIT SINGH, and SURINDER PAL SINGH,
*Appellants*,
and KARAN GAMBHIR and KHAWAR ALI,
*Defendants*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Opinion filed July 5, 2019.
Affirmed.

*David R. Schapker*, of Evans & Mullinix, P.A., of Shawnee, for appellants.

*Brandon T. Pittenger*, of Pittenger Law Group, LLC, of Overland Park, for appellee.

Before BUSER, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: In violation of the two-garnishment rule in K.S.A. 2018 Supp. 60-733(g), KDL, Inc. (KDL) requested, and the district court issued, three orders of garnishment directed at three financial institutions against the five defendants. The district court quashed the third order of garnishment requested. Singh, LLC; Swarnjit Singh; and Surinder Pal Singh (the Singhs) appeal.

1

FACTS

On January 28, 2015, KDL petitioned the district court for damages against the Singhs, Khawar Ali, and Karan Gambhir for default on a commercial lease agreement. The court entered judgments in default against Ali and Gambhir for the amount of $142,596.64 in January 2016. In July 2016, the court granted summary judgment against the Singhs for the same amount.

On May 10, 2018, KDL submitted three requests for garnishment to the clerk of the district court; the first was directed to Bank of America, the second to Community America Credit Union, and the third to US Bank. The clerk issued the three requested orders of garnishment to the financial institutions in reverse order. Bank of America, the subject of the first order requested, but last order issued, indicated it was holding approximately $136,000 of the Singhs' money that was potentially subject to garnishment.

On May 31, 2018, Ali moved to quash the garnishments because K.S.A. 2018 Supp. 60-733(g) prohibits more than two garnishments to be issued by the same party seeking an order of garnishment applicable to the same claim against the same judgment debtor in any 30-day period. Ali argued the district court must quash all three orders of garnishment because KDL did not comply with the statutorily required procedures. The following day, he filed an amended motion to quash the garnishment orders to include his acknowledgement that K.S.A. 2018 Supp. 60-733(g) allows for a judgment creditor to file more than two garnishment requests after seeking and receiving an exemption from the district court. KDL failed to seek an exemption.

2

Nearly two weeks later, KDL filed a motion for leave of court to issue three garnishments. As required by K.S.A. 2018 Supp. 60-733(g), KDL certified that the garnishments had not been filed to harass the defendants and it had no reason to believe the garnishee had property or credits of the defendants that were exempt from execution.

The district court heard the motion to quash the garnishments on June 22, 2018. Ali and the Singhs argued the court should have quashed all three garnishments and made KDL start over because of its violation of the two-garnishment rule. KDL contended that in the past, situations like this had been resolved by the clerk of the court who filed the first two orders requested and not the third. It asserted the error did not require the court to reject all orders.

The district court concluded:

"Unfortunately, I don't have any clear precedent or case law to guide me. I've never had this issue come up in front of me before. I even asked around. I don't know that any other judges in this district have had this issue come up before, so here's where we are. And my ruling today is going to be based on a couple of principles. Obviously, the principle of fairness, but fairness both to the defendants that need protection from any kind of prejudicial garnishments or inappropriate garnishments, but also to plaintiffs who the Court is to help obtain their monetary judgment that was previously issued so I've got to balance that.

"And the second principle here is I want to do what I think is consistent with local practice and will set, because you're all in front of me for these kind of matters on a continuous basis, and I think that we need to set some consistency as to what the Court is going to do with these kinds of matters.

"There's a statute, there's a local rule on point, so here's what I'm going to do: I am going to grant the motion to quash but only as to one of the garnishments. I am quashing the third garnishment. The third garnishment in this instance will be the one that was sought third. I'm using the definition of seeking as I think [Ali] pointed out to me the

3

statute uses. The last one sought is the one that gets tossed because that is what the Court is viewing in violation of the two garnishment rule."

The Singhs appeal. Ali and Gambhir are not parties to this appeal.

## ANALYSIS

The Singhs contend the district court erred in interpreting K.S.A. 2018 Supp. 60-733(g) as prohibiting a judgment creditor from requesting more than two garnishments as the statute actually prohibits the court from issuing more than two orders of garnishment. They assert the district court lacked the authority to issue the third order of garnishment directed at Bank of America because it had already issued the orders to US Bank and Community America Credit Union. The Singhs claim the third order was issued with respect to statutory procedures but without statutory authority and so it is void and must be vacated for lack of jurisdiction.

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). We must first attempt to ascertain legislative intent through the statutory language, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). Though only a part of the statute is being challenged, we must review the statute as a whole when considering legislative intent. See *Vakas v. Kansas Bd. of Healing Arts*, 248 Kan. 589, 596, 808 P.2d 1355 (1991) ("The general purpose of the legislation as shown by the statute as a whole is of primary importance.").

4

"Garnishment is a procedure whereby the wages, money or intangible property of a person can be seized or attached pursuant to an order of garnishment issued by the court under the conditions set forth in the order." K.S.A. 2018 Supp. 60-729(a). The procedure for obtaining an order is entirely statutory. *Master Fin. Co. of Texas v. Pollard*, 47 Kan. App. 2d 820, 822-23, 283 P.3d 817 (2012) (citing *LSF Franchise REO I, LLC v. Emporia Restaurants, Inc.*, 283 Kan. 13, 19, 152 P.3d 34 [2007]). After 14 days following the judgment, a party may use garnishment as an aid to collect the judgment. K.S.A. 2018 Supp. 60-731(a). Garnishment is not a cause of action but is considered an ancillary or auxiliary proceeding. *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 293 Kan. 633, 646, 270 P.3d 1074 (2011) (citing *DeKalb Swine Breeders, Inc. v. Woolwine Supply Co.*, 248 Kan. 673, 680, 809 P.2d 1223 [1991]).

Under K.S.A. 2018 Supp. 60-733(g),

"No party shall seek an order of garnishment attaching funds, credits or indebtedness held by a bank, savings and loan association, savings bank, credit union or finance company except on good faith belief of the party seeking garnishment that the party to be served with the garnishment order has, or will have, assets of the judgment debtor. Except as provided further, not more than two garnishments shall be issued by a party seeking an order of garnishment applicable to the same claim or claims and against the same judgment debtor in any 30-day period."

The Singhs argue the statute provides two restrictions. First, it restricts a party seeking a garnishment order directed at a financial institution to only requesting such an order when the party has a good faith belief that the financial institution has or will have assets of the judgment debtor. Second, the statute restricts the district court from issuing more than two garnishment orders in any 30-day period sought by a party, applicable to the same claim and against the same judgment debtor. They claim the court's finding that KDL violated the two-garnishment rule misinterpreted the statute as the rule applies to the district court, not KDL. The Singhs assert that without the certifications, findings, and

5

order required for an exemption, the court did not have the authority to issue the third order of garnishment directed to Bank of America because it was concerning the same claim, same judgment debtors, and filed the same day as the orders to US Bank and Community America Credit Union. They argue Kansas courts recognize orders entered under statutory procedures and without statutory authority are void and so the order of garnishment issued to Bank of America must be vacated.

KDL misunderstands the Singhs' argument as asking us to quash all orders of garnishment issued and argues the district court exercised sound discretion in compliance with the intent of the statute. The Singhs argued at the district court level that all three orders should have been quashed. Here, they only request that we quash the third order issued.

KDL claims K.S.A. 2018 Supp. 60-733(g) "contains a limitation on the amount of garnishments that can issue in a thirty day period" and the district court properly quashed the order for the third requested garnishment. It claims the court properly considered the principles of fairness and future direction for counsel and made the equitable decision by balancing the interests of both parties. KDL argues the district court may base its determinations on "its own good judgment or discretion as to what justice demands, in view of the facts pleaded and evidence adduced." *Blair Constr., Inc. v. McBeth*, 273 Kan. 679, 692, 44 P.3d 1244 (2002) (citing *Nelson v. Robinson*, 184 Kan. 340, 345, 336 P.2d 415 [1959]).

We must first determine whether the second restriction in K.S.A. 2018 Supp. 60-733(g) prohibits action by the party seeking an order of garnishment or the district court. If the restriction prohibits the party, the district court properly quashed the third order requested as the party had no authority to request it. If the restriction prohibits the district court, the court lacked jurisdiction in issuing the third order and so it is void.

6

The first step in statutory interpretation is determining if the plain language of the statute provides legislative intent. The second restriction states: "[N]ot more than two garnishments shall be issued by a party seeking an order of garnishment applicable to the same claim or claims and against the same judgment debtor in any 30-day period." The Singhs assert that the use of the word "issued" requires application of the restriction toward court action. However, legislative intent cannot be gleaned through use of the single word because when viewing the phrase, it is ambiguous. If the Legislature intended "issued" to mean an action by the district court, the next word should have been "for" rather than "by" as the use of the term "by the party seeking" suggests the actor is the plaintiff. However, for that interpretation, the term "issued" should have been "requested."

Further lending to the uncertainty over legislative intent is the use of and meaning of "garnishment." The restriction refers first to a "garnishment" being issued and then to an "order of garnishment" being sought. Under K.S.A. 2018 Supp. 60-729(a), "[g]arnishment is a procedure whereby the wages, money or intangible property of a person can be seized or attached pursuant to an order of garnishment issued by the court under the conditions set forth in the order." According to Black's Law Dictionary 794-95 (10th ed. 2014), "garnishment," as applied here, may refer to, (1) the judicial proceeding in which the creditor asks the court to order a third party to turn over the debtor's property or, (2) the judicial order by which the property is turned over. In saying "not more than two garnishments shall be issued," the definition of garnishment meaning an order would make sense, as garnishment is issued, but an order is specifically referred to as the "order of garnishment" in the same sentence. In doing so, the Legislature left open the question of whether "garnishment" refers to the order or the procedure.

When reviewing the statute as a whole to determine legislative intent, the allowance for an exemption from the two-garnishment rule seemingly shows the rule applies to the party seeking the order of garnishment. To obtain an exemption, the party

7

seeking more than two orders of garnishment must certify that the garnishment is not for the purpose of harassment and provide facts demonstrating to the satisfaction of the district court that there is reason to believe the financial institution has property or credits of the judgment debtor that are not exempt from execution. K.S.A. 2018 Supp. 60-733(g). When reading the statute as a whole, it appears the three parts of the statute—the two restrictions and the exemption—all provide instruction to the party seeking orders of garnishment.

We find the statute involved is not ambiguous. Even if we found the statute to be ambiguous, the result would be the same. We must consider various provisions of the garnishment act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). K.S.A. 2018 Supp. 60-732 and 60-734 have similar roles as K.S.A. 2018 Supp. 60-733 as they pertain to the different types of property to which an order of garnishment may attach. K.S.A. 2018 Supp. 60-732 addresses orders of garnishment when the garnishment attaches to intangible property and other earnings, and K.S.A. 2018 Supp. 60-734 addresses orders of garnishment when the garnishment attaches to earnings.

All three of the statutes address orders of garnishment prepared by the party seeking orders which are then issued by the clerk of the court. The statutes provide instructions to the party seeking garnishment as to what information must be included in the order and on the answer form for the garnishee. The statutes also provide the effects of the orders of garnishment on the property listed and the responsibilities of the garnishee. Significantly, these statutes appear to be instructing the party seeking garnishment and the garnishee. The statutes refer to the orders of garnishment as the document submitted to the clerk of the court and only discuss action by the district court in specific circumstances requiring determinations beyond merely the issuance of the order.

8

Because the statutes similar to K.S.A. 2018 Supp. 60-733 that address the attachment of debtor's property instruct the parties as to the requirements and effect of orders of garnishments submitted by the party seeking garnishment, we interpret K.S.A. 2018 Supp. 60-733(g) as providing two restrictions to the party seeking garnishment. The Singhs argue the district court did not have statutory authority to issue the third order of garnishment; therefore, the third order issued was void. However, because the prohibition applies to the party seeking garnishment, KDL did not have the authority to submit the third request; therefore, the third request is void. KDL issued the request for US Bank third, and the district court properly quashed the garnishment order directed to US Bank.

Affirmed.