IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 125,672

M & I MARSHALL & ILSLEY BANK,
*Appellee*,

v.

KEVIN HIGDON and GRETCHEN HIGDON,
*Appellants*,

v.

EQUITY BANK,
*Appellee/Garnishee*.

SYLLABUS BY THE COURT

1.

Resolution of a conflict-of-laws issue involves a question of law over which appellate courts exercise unlimited review.

2.

When addressing choice of law issues, Kansas appellate courts traditionally follow the Restatement (First) of Conflict of Laws (1934).

3.

A choice-of-law analysis under the Restatement (First) of Conflict of Laws begins by looking to the law of the forum state to determine whether a given issue is substantive or procedural. All procedural matters are governed by the law of the forum state. If a substantive matter, the category of substantive law will control what law is applied, as different rules apply to different legal categories.

1

4.

In Missouri, joint ownership of real or personal property by husband and wife creates a presumption of a tenancy by the entirety. Because the interest in a tenancy by the entirety cannot be divided, a judgment against either the husband or the wife alone may not attach to property held as a tenancy by the entirety.

5.

Property in Kansas may be jointly owned as tenants in common or as joint tenants with rights of survivorship. Kansas does not recognize tenancy by the entirety as a form of property ownership. A joint tenant's ownership is severable for meeting the demands of creditors.

6.

Under the facts of this case, the issue of whether a husband and wife owned property in a bank account opened in the state of Missouri, as tenants by the entirety, such that judgment against either the husband or the wife alone may not attach to the property, or as joint tenants with right of survivorship when garnishment occurs in the state of Kansas, which is severable to meet the demands of creditors, was not a procedural issue controlled by laws of the forum state but was a substantive issue for purposes of choice-of-law analysis. This issue related to property ownership, rather than contracts, when resolving a conflict-of-laws question.

Review of the judgment of the Court of Appeals in 63 Kan. App. 2d 668, 536 P.3d 898 (2023). Appeal from Johnson District Court; PAUL C. GURNEY, judge. Oral argument held May 8, 2024. Opinion filed September 27, 2024. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Kristopher C. Kuckelman*, of Payne & Jones, Chartered, of Overland Park, argued the cause, and was on the briefs for appellants.

2

*Ashlyn Buck Lewis*, of Lewis Rice LLC, of Kansas City, Missouri, argued the cause, and *Louis J. Wade*, of the same firm, was with her on the briefs for appellee M & I Marshall & Ilsley Bank.

The opinion of the court was delivered by

STANDRIDGE, J.:  Kevin and Gretchen Higdon challenge the Court of Appeals decision to affirm the district court's denial of their motion to quash garnishment of a jointly owned bank account to satisfy a judgment obtained by M & I Marshall & Ilsley Bank against Kevin. In support of its decision, the Court of Appeals panel construed the conflict-of-laws question as one requiring application of Kansas procedural law to determine what types of assets are exempt from attachment in a garnishment case. But the panel's focus on the cause of action before the district court was misplaced and failed to address the actual conflict at issue—the form of ownership of the Higdons' bank account, a substantive property issue. Because the ownership interest was created in Missouri, the First Restatement of Conflict of Laws favors application of Missouri law. And because the Higdons' account is considered a tenancy by the entirety under Missouri law, M & I Bank cannot use its judgment against Kevin to garnish the account. For these reasons, we reverse and remand to the district court with directions to pay the garnished funds to the Higdons.

FACTS

In 2009, Kevin and Gretchen were married and have since continuously resided in Missouri. In 2009 or 2010, they opened an account at Adams Dairy Bank, which was located exclusively in Missouri. The Higdons signed the account agreement in Missouri. The agreement identified Kevin or Gretchen as the account owners and listed the ownership type as "Joint (Right of Survivorship)."

3

In October 2010, the circuit court in Jackson County, Missouri, entered a consent judgment in favor of M & I Bank and against Kevin and other defendants, jointly and severally, for a total sum of $552,487.18. Gretchen was not a named defendant in the judgment.

Adams Dairy Bank later merged into Equity Bank, which has locations in Kansas.

In April 2017, M & I Bank registered its Missouri judgment in Kansas with the Johnson County District Court. The court issued an order for garnishment that was served on Stanley Bank, but it is unclear from the record whether any garnishment occurred at that time.

In March 2022, M & I Bank renewed its judgment under K.S.A. 60-2403 in the Johnson County District Court and filed a request seeking to garnish Kevin's account at Equity Bank. The court issued an order of garnishment that was served on Equity Bank in Kansas. In response to the garnishment order, Equity Bank declared that it held $388,911.12 in an account belonging to Kevin.

The Higdons moved to quash the garnishment, alleging Missouri substantive law should apply because they signed the contract entering into the account agreement in Missouri. The Higdons claimed that under Missouri law, their bank account was exempt from attachment because it was owned by Kevin and Gretchen as husband and wife in a tenancy by the entirety. In the alternative, the Higdons argued that if Kansas law applied, M & I Bank's garnishment could only attach to Kevin's half of the account's funds.

In response, M & I Bank argued that even if Missouri substantive law applied to determine ownership of the Higdons' account, the judgment against Kevin was properly registered in Kansas and was subject to all enforcement mechanisms available under Kansas law. To that end, M & I Bank claimed Kansas procedural law dictates the

4

Higdons' bank account was not exempt from garnishment because Kansas does not recognize property ownership held in a tenancy by the entirety. As a result, M & I Bank asserted it was entitled to the portion of the account owned by Kevin.

After considering the arguments and evidence summarized above, the district court denied the Higdons' motion to quash. Characterizing the issue as a procedural matter related to classification of property for attachment purposes, the court applied Kansas law. Because Kansas does not recognize tenancy by the entirety, the district court held "the subject garnishment can attach to the Higdons' joint bank account because Kansas property classification would find that the bank account held as joint tenants with the right of survivorship rather than tenants in the entirety, and judgment creditors can recover money from joint bank accounts."

On appeal, the Higdons argued the district court improperly applied Kansas procedural law to classify the account. They claimed that under the applicable Missouri substantive law, the funds in the account were not subject to garnishment. *M & I Marshall & Ilsley Bank v. Higdon*, 63 Kan. App. 2d 668, 673, 536 P.3d 898 (2023). A Court of Appeals panel disagreed and affirmed the district court, holding Kansas law applied to allow garnishment of the Higdons' account. 63 Kan. App. 2d at 681.

We granted the Higdons' petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petition for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions).

ANALYSIS

The Higdons argue the Court of Appeals mischaracterized the conflict-of-laws issue here as one involving an application of procedural law to determine what types of assets are exempt from attachment in a garnishment case. They contend the issue instead

5

implicates the form of ownership of the bank account, which requires interpretation of the account agreement—a question of substantive contract law. Applying Missouri law, the Higdons maintain the entire account is not subject to garnishment because they own it as a tenancy by the entirety.

Resolution of a conflict-of-laws issue involves a question of law over which appellate courts exercise unlimited review. See *Kipling v. State Farm Mutual Automobile Insurance Co.,* 774 F.3d 1306, 1310 (10th Cir. 2014); *Raskin v. Allison*, 30 Kan. App. 2d 1240, 1241, 57 P.3d 30 (2002).

1. *Overview and relevant legal framework*

When addressing choice of law issues, Kansas appellate courts traditionally follow the Restatement (First) of Conflict of Laws (1934). *In re K.M.H.*, 285 Kan. 53, 60, 169 P.3d 1025 (2007); *ARY Jewelers v. Krigel*, 277 Kan. 464, 481, 85 P.3d 1151 (2004). Under this approach, the forum state first decides whether a given question is one of substance or procedure and then selects the law of a jurisdiction based on the location of a certain event. See Restatement (First) of Conflict of Laws § 332 (setting forth *lex loci contractus*, i.e., the law of the state where the contract is made governs); § 378 (tort claims governed by law of the state where injury occurred). Kansas is one of a minority of states that continues to follow the First Restatement. See Symeonides, *Choice of Law in the American Courts in 2020: Thirty-Fourth Annual Survey*, 69 Am. J. Comp. L. 177, 189 & n.39 (2021) (listing Kansas as one of nine states that continues to follow the First Restatement). Most states have adopted all or part of the principles of the Second Restatement, which usually requires weighing and balancing various broad interests and policies when making choice-of-law decisions. See Restatement (Second) of Conflict of Laws (1971).

6

Notwithstanding this tradition, Kansas appellate courts have cited the Restatement (Second) of Conflict of Laws with approval at times. See, e.g., *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 483-84, 509 P.3d 1211 (2022) (quoting § 18:  requisite intent to acquire a domicil and § 20:  domicil of person having two dwelling places); *Padron v. Lopez*, 289 Kan. 1089, 1101, 220 P.3d 345 (2009) (quoting § 107:  non-final judgment); *Vanier v. Ponsoldt*, 251 Kan. 88, 103, 833 P.2d 949 (1992) (quoting § 129:  mode of trial); *Farha v. Signal Companies, Inc.*, 216 Kan. 471, 481, 532 P.2d 1330 (1975) (stating agreement with § 52:  foreign corporations—other relationships); *Master Finance Co. of Texas v. Pollard*, 47 Kan. App. 2d 820, 826-27, 283 P.3d 817 (2012) (quoting § 99: methods of enforcement); *In re Adoption of Baby Boy S.*, 22 Kan. App. 2d 119, 126, 912 P.2d 761 (1996) (citing § 289:  law governing adoption); *In re Estate of Phillips*, 4 Kan. App. 2d 256, 263-64, 604 P.2d 747 (1980) (citing § 18:  requisite intent to acquire a domicil).

But this court has not signaled that it intends to abandon the First Restatement. See, e.g., *In re K.M.H.*, 285 Kan. at 60 (applying First Restatement to contract dispute); *Brenner v. Oppenheimer & Co.*, 273 Kan. 525, 540, 44 P.3d 364 (2002) ("'Kansas follows the *lex loci* rule, not the 'most significant relationship' rule'" in the Second Restatement.); *Ling v. Jan's Liquors*, 237 Kan. 629, 634, 703 P.2d 731 (1985) ("[T]he law of the state where the tort occurred—*lex loci delicti*—should apply.").

A choice-of-law analysis begins by looking to the law of the forum state to determine whether a given issue is substantive or procedural. See Restatement (First) of Conflict of Laws § 584. The line between substance and procedure is not always clear. Substantive law is "[t]he part of the law that creates, defines, and regulates the rights, duties, and powers of parties." Black's Law Dictionary 1729 (11th ed. 2019). On the other hand, procedural law is "[t]he rules that prescribe the steps for having a right or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves." Black's Law Dictionary 1457 (11th ed. 2019); see Restatement (First) of

7

Conflict of Laws § 585, comment a ("Matters of procedure include access to courts, the conditions of maintaining or barring action, the form of proceedings in court, the method of proving a claim, the method of dealing with foreign law, and proceedings after judgment.").

In deciding whether an issue is substantive or procedural, the First Restatement creates an expectation that the "court will examine the entire transaction which is before it. This includes the statute or other rule of law creating the alleged right or duty, and its interpretation thereof by the courts of that state." Restatement (First) of Conflict of Laws § 584, comment b. The characterization of an issue as either substantive or procedural is critical to deciding which state law applies to the legal issue presented. All procedural matters are governed by the law of the forum state. Restatement (First) of Conflict of Laws § 585. If a substantive matter, the category of substantive law will control what law is applied, as different rules apply to different legal categories. See Restatement (First) of Conflict of Laws § 332 (setting forth *lex loci contractus*, i.e., the law of the state where the contract is made governs); § 378 (tort claims governed by law of the state where injury occurred).

2. *Conflicting Missouri and Kansas law*

The parties and the courts below agree that the conflict-of-laws issue before us involves how ownership of the Higdons' bank account is classified. The account agreement lists Kevin and Gretchen as owners of the account and describes the account type as "Joint (Right of Survivorship)." The Higdons' ownership of the account is classified differently under Missouri and Kansas law.

In Missouri, joint ownership of real or personal property by husband and wife creates a presumption of a tenancy by the entirety. *Hanebrink v. Tower Grove Bank & Trust Co.*, 321 S.W.2d 524, 527 (Mo. App. 1959); see *Wehrheim v. Brent*, 894 S.W.2d

8

227, 229 (Mo. App. 1995). A bank account is personal property that may be held in a tenancy by the entirety. See Mo. Rev. Stat. § 362.470.5 ("Any deposit made in the name of two persons or the survivor thereof who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified."); *Scott v. Union Planters Bank*, 196 S.W.3d 574, 577 (Mo. App. 2006) ("'It is well established at common law that there can be an estate by the entirety in a bank account.'") (quoting *Brown v. Mercantile Bank*, 820 S.W.2d 327, 336 [Mo. App. 1991]).

"'A tenancy by the entirety, which exists only between a husband and wife, is based on the common law fiction that the husband and wife hold property as one person.'" *Scott*, 196 S.W.3d at 577; see *Wehrheim*, 894 S.W.2d at 228-29 ("Where property is owned in tenancy by the entireties, each spouse . . . owns an undivided interest in the whole of the property and no separate interest."); Black's Law Dictionary 1768 (11th ed. 2019) (defining tenancy by the entirety as "[a] common-law estate in which each spouse is seised of the whole of the property"). Because the interest in a tenancy by the entirety cannot be divided, a judgment against either the husband or the wife alone may not attach to property held as a tenancy by the entirety. See *Hanebrink*, 321 S.W.2d at 527 ("[W]here a judgment and execution are against the husband alone such judgment cannot in any way affect property held by the husband and wife in the entirety. Neither can it affect any supposed separate interest of the husband, for he has no separate interest.").

Missouri's presumption of tenancy by the entirety is rebuttable by evidence that is "so strong, clear, positive, unequivocal and definite as to leave no doubt in the trial judge's mind." *Beamon v. Ross*, 767 S.W.2d 580, 582 (Mo. App. 1988); see *Nelson v. Hotchkiss*, 601 S.W.2d 14, 20 (Mo. 1980) ("The presumption that a conveyance to husband and wife creates an estate by the entirety may be overcome only by a clear and express declaration."); *Scott v. Flynn*, 946 S.W.2d 248, 251 (Mo. App. 1997) ("[A]bsent a specific disclaimer that the account is not being held as tenants by the entirety, an account

card signed by a husband and wife as joint tenants with right of survivorship must be considered a tenancy by the entirety."). Here, the parties do not attempt to rebut the presumption that under Missouri law, the Higdons' account is a tenancy by the entirety.

Unlike Missouri, Kansas no longer recognizes tenancy by the entirety as a form of property ownership. See *Stewart v. Thomas*, 64 Kan. 511, 514-15, 68 P. 70 (1902); *Walnut Valley State Bank v. Stovall*, 1 Kan. App. 2d 421, 426, 566 P.2d 33 (1977), *rev'd on other grounds by* 223 Kan. 459, 574 P.2d 1382 (1978). Property in Kansas may be jointly owned as tenants in common or as joint tenants with rights of survivorship. Tenancy in common is defined as "tenancy by two or more persons, in equal or unequal undivided shares, each person having an equal right to possess the whole property but no right of survivorship." Black's Law Dictionary 1769 (11th ed. 2019). A joint tenancy "differs from a tenancy in common because each joint tenant has a right of survivorship to the other's share." Black's Law Dictionary 1767 (11th ed. 2019).

Kansas law presumes that when two individuals hold property together, a tenancy in common is created unless the language used "makes it clear that a joint tenancy was intended to be created." K.S.A. 58-501; *Robertson v. Ludwig*, 244 Kan. 16, 19, 765 P.2d 1124 (1988). A joint tenant's ownership is severable for meeting the demands of creditors. See *Walnut Valley State Bank v. Stovall*, 223 Kan. 459, 464, 574 P.2d 1382 (1978) ("[A] garnishment upon a joint tenancy bank account severs the joint tenancy, creating a tenancy in common."). Equal ownership between joint tenants is presumed but is rebuttable. 223 Kan. at 464. Here, the parties do not rebut the presumption that under Kansas law, Kevin and Gretchen share equal ownership of the account as joint tenants with rights of survivorship.

In sum, M & I Bank's ability to garnish the Higdons' bank account depends on which state's law applies. Under Missouri law, M & I Bank cannot garnish the tenancy by

the entirety account because its judgment is against Kevin alone. But under Kansas law, M & I Bank can garnish Kevin's half of the joint tenancy account.

3. *Conflict analysis*

3.1 *The panel's conflict analysis*

In its conflict-of-laws analysis, the Court of Appeals panel considered whether Kansas or Missouri law applied to determine whether the Higdons owned their joint bank account as tenants by the entirety or as joint tenants. The panel focused its analysis on deciding whether the bank account ownership issue is more properly characterized as a matter arising out of contract or a garnishment action. The Higdons argued the issue arose out of a contract dispute under which Missouri substantive law would apply. *M & I Bank*, 63 Kan. App. 2d at 676-79; see *In re K.M.H.*, 285 Kan. at 60 (In conflict-of-laws cases involving contractual disputes, Kansas courts apply the First Restatement; the law of the state where the contract is made governs.).

The panel rejected the Higdons' argument, finding the issue did not involve a contract dispute or an action to enforce a judgment, so Missouri substantive law did not apply. Instead, the panel held Kansas law applied because it was filed as a garnishment action, which is "a remedial procedural statutory vehicle that may be used as an aid to collect a judgment." *M & I Bank*, 63 Kan. App. 2d at 677; see K.S.A. 2023 Supp. 60-731(a) ("As an aid to the collection of a judgment, an order of garnishment may be obtained at any time after 14 days following judgment."); K.S.A. 2023 Supp. 61-3504(a) (same); Restatement (First) of Conflict of Laws § 600 ("The law of the forum determines matters pertaining to the execution of a judgment, and what property of a judgment defendant within the state is exempt from execution and on what property within the state execution can be levied, and the priorities among competing execution creditors.").

Noting that Kansas exemption statutes apply to determine what type of assets are exempt from attachment, the panel held: "The substantive Missouri decisional law has the same effect as a statutory garnishment exemption not recognized in Kansas. The account agreement under Missouri law, by creating a tenancy by the entirety, places the subject funds beyond the reach of a Kansas garnishment, working as a de facto exemption." *M & I Bank*, 63 Kan. App. 2d at 679. The Court of Appeals panel concluded the district court correctly applied Kansas law to find that the Higdons' account created a joint tenancy rather than a tenancy by entirety and that Kevin's half of the account was subject to garnishment by M & I Bank. 63 Kan. App. 2d at 681.

But the panel's focus on the cause of action before the district court was misplaced and failed to address the actual conflict at issue, which is neither contractual nor related to the garnishment procedure. The panel's suggestion that applying Missouri law to create a tenancy by the entirety account creates a de facto exemption from garnishment under Kansas law is flawed because the conflict at issue does not involve what classifications of property are subject to or exempt from attachment. Rather, the question we must decide is whether the Higdons own the bank account as a tenancy by the entirety or as joint tenants. The form of the Higdons' property interest in the account is a substantive issue. See *Halley v. Barnabe*, 271 Kan. 652, 663, 24 P.3d 140 (2001) (substantive laws establish the rights and duties of parties).

The Missouri Court of Appeals addressed a similar conflict-of-laws question in *Farmers Exchange Bank v. Metro Contracting Services, Inc.*, 107 S.W.3d 381 (Mo. App. 2003). There, the court considered whether Missouri or Kansas law applied in determining whether judgment debtors held a writ of attachment on a promissory note as tenants by the entirety or as tenants in common where the judgment debtors acquired their interest in the note while Kansas residents. 107 S.W.3d at 386-87. The court explained:

12

"[T]he question posed here is not what classifications of property are subject to attachment, but whether the Eaton note was properly classified as being held by the Russells as tenants by the entirety or tenants in common, the former, unlike the latter, not being subject to attachment in this state. In other words, the conflict of laws question presented is not a question of what classifications of personal property are subject to attachment and execution, which would be governed by the laws of the forum state as a matter of procedure, but a question of how the appellant's interest in the Eaton note is classified. And, thus, because issues of one's rights and duties are substantive issues, as opposed to procedural issues which relate to enforcement of those rights and duties, the issue in our case as to whether the Eaton note proceeds were subject to attachment and execution is not a procedural issue controlled by the laws of the forum state, as the appellant contends, but a substantive issue." *Farmers Exchange Bank*, 107 S.W.3d at 391.

Finding that the judgment debtors' interest in the note proceeds was properly classified as a property interest, the court applied Missouri's conflict-of-laws doctrine for property under the Second Restatement. Under § 258—titled "Interests in Movables Acquired during Marriage"—the domicile state at the time movable personal property was acquired controls. Restatement (Second) of Conflict of Laws § 258. As a result, the court found Kansas law applied to determine the judgment debtors' interest in the note. *Farmers Exchange Bank*, 107 S.W.3d at 392-94.

The panel acknowledged the holding in *Farmers Exchange Bank*: "Using that same law, Missouri law would apply here, assuming it was the domicile state for the Higdons when they acquired the movable property placed into their bank account." *M & I Bank*, 63 Kan. App. 2d at 680. But the panel ultimately found the decision unpersuasive because "Kansas does not apply the Second Restatement"; instead, "[t]he Kansas Supreme Court relies on the First Restatement of Conflict of Laws." 63 Kan. App. 2d at 680.

13

We are not persuaded by the panel's reasons for discounting the analysis in *Farmers Exchange Bank*, largely because the Missouri court's logic in determining whether the conflict-of-laws question was procedural or substantive is separate from its application of the Second Restatement. The question at issue there is nearly identical to the one presented here.

3.2 *Application of the First Restatement*

Applying the First Restatement to the substantive issue here, we look to its relevant property law provisions.

Section 291 states:

"Interests in movables acquired by either or both of the spouses in one state continue after the movables have been brought into another state until the interests are affected by some new dealings with the movables in the second state." Restatement (First) of Conflicts of Laws § 291.

Section 292 states:

"Movables held by spouses in community continue to be held in community when taken into a state which does not create community interests." Restatement (First) of Conflicts of Laws § 292.

The illustration in section 292 states:

"A and B, husband and wife, acquire chattels while domiciled in state X, by the law of which they hold the chattels in community. They take the chattels to state Y which has no provisions for community holding. The chattels are there attached by a creditor of the husband. The validity of the attachment is determined by the law of Y with regard to the

14

attachment of property owned in common for a debt of one of the owners." Restatement (First) of Conflicts of Laws § 292.

Thus, under the traditional approach of the First Restatement, the Higdons' Missouri tenancy by the entirety bank account continues to be held in a tenancy by the entirety in Kansas, regardless of whether Kansas recognizes the undivided spousal property interest. See Restatement (First) of Conflicts of Laws §§ 291-92. And because Kansas garnishment proceedings are a procedural mechanism to enforce rights already determined by substantive law, it is not a "new dealing" that affected the Higdons' property interest. See Restatement (First) of Conflicts of Laws § 291.

Finally, and consistent with the illustration following Restatement (First) of Conflicts of Laws § 292, the validity of the garnishment procedure (which prescribes the steps for having a right or duty judicially enforced) is governed by the law of Kansas, the forum state in which the garnishment proceeding is pending. See Restatement (First) of Conflict of Laws § 585, comment a ("Matters of procedure include access to courts, the conditions of maintaining or barring action, the form of proceedings in court, the method of proving a claim, the method of dealing with foreign law, and proceedings after judgment."). But the conflict-of-laws question here—the form of ownership of the Higdons' bank account—is a substantive property issue governed by Missouri law.

4. *Conclusion*

Because the ownership interest was created in Missouri, the First Restatement favors application of Missouri law. Under Missouri law, the Higdons' bank account is considered a tenancy by the entirety. Although Kansas, as the forum state, governs the garnishment procedure, see Restatement (First) of Conflict of Laws § 585, no garnishment can occur here because M & I Bank's judgment against Kevin cannot attach to the Higdons' tenancy by the entirety bank account.

15

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions to pay the garnished funds to the Higdons.